**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 12-0245-WS** |
| | ) | |
| **ERIC DYNELL McGADNEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant Eric Dynell McGadney's Motion for Leave to File Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 59).

McGadney, proceeding *pro se*, filed his original § 2255 Petition (doc. 45) on May 18, 2015, asserting claims of ineffective assistance of counsel for failure to investigate whether petitioner's previous escape and drug trafficking convictions were qualifying predicate offenses for career offender status, as well as a claim of ineffective assistance based on counsel's purported failure to comply with McGadney's request that he file a notice of appeal. Briefing on McGadney's original § 2255 Petition concluded in October 2015, and the matter has been referred to Magistrate Judge Bivins for entry of a report and recommendation.

On May 12, 2016, McGadney, by and through the Federal Defender (which was appointed to represent all indigent defendants in *Johnson* claims in this District Court), filed a Motion for Leave to File Amended § 2255 Motion. The proposed Amended § 2255 Motion would incorporate all of McGadney's previously asserted § 2255 claims, and add a new ground for relief asserting that his career offender sentence enhancement violates due process pursuant to *Johnson v. United States*, 576 U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and *Welch v. United States*, --- U.S. ----, 136 S.Ct. 1257 (2016).

The obvious threshold problem with McGadney's *Johnson* argument is that he was not sentenced under the Armed Career Criminal Act ("ACCA"), whose residual clause the *Johnson* Court held to be unconstitutionally vague. Rather, McGadney received a career offender enhancement pursuant to U.S.S.G. § 4B1.1, and it is that enhancement to which he would direct his *Johnson* vagueness claim. Binding authority in this Circuit precludes such attempts to apply

and extend *Johnson* to the Sentencing Guidelines' career offender provisions.  *See United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015) ("By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. … The Armed Career Criminal Act defines a crime and fixes a sentence, … but the advisory guidelines do neither.").[1]  McGadney neither shrinks from nor ignores *Matchett*; to the contrary, he expressly acknowledges that "the binding precedent of *Matchett* presently forecloses McGadney's argument in the Eleventh Circuit today."  (Doc. 59, at 3.)  Nonetheless, he proposes that this Court hold the matter in abeyance, at least until the Eleventh Circuit Court of Appeals resolves the petition for rehearing *en banc* that was filed in *Matchett* back on October 13, 2015.[2]  In response to this proposal, the Government takes the position that *Matchett* ultimately defeats McGadney's Motion to Amend; however, the Government also recognizes the pending *en banc* petition in *Matchett* and states that it does not object to this matter being held in abeyance until such time as the Eleventh Circuit either denies the petition for *en banc* rehearing or issues an opinion pursuant to such rehearing.

---

[1]      *See also In re Griffin*, --- F.3d ----, 2016 WL 3002293, *4 (11th Cir. May 25, 2016) ("Griffin was not sentenced under the ACCA or beyond the statutory maximum for his drug crime.  Rather, this case involves only the career offender guideline.  Griffin is unable to make a *prima facie* showing that *Johnson* applies to him in light of our binding precedent in *Matchett* that the Sentencing Guidelines cannot be challenged as unconstitutionally vague."); *Denson v. United States*, 804 F.3d 1339, 1344 (11th Cir. 2015) (finding that petitioner's "arguments based on *Johnson* fail on the merits" pursuant to *Matchett* because petitioner was sentenced as career offender under U.S.S.G. § 4B1.1); *United States v. Hill*, 2016 WL 3254651, *1-2 (11th Cir. June 14, 2016) (because "we have previously decided that the career offender residual clause [in the U.S.S.G.] is not unconstitutionally vague, … Hill's argument regarding the constitutionality of the sentencing guidelines career offender provision is foreclosed by our prior precedent"); *United States v. Ford*, 2016 WL 2342756, *4 (11th Cir. May 4, 2016) ("Ford's argument the district court was not permitted to rely on the residual clause in sentencing Ford under the career offender guideline is foreclosed by *Matchett*."); *Jones v. United States*, 2016 WL 1320800, *1 (11th Cir. Apr. 5, 2016) ("we have recently held that the vagueness principle announced in *Johnson* does not apply to the career offender provisions of the Sentencing Guidelines"); *United States v. Casamayor*, 2016 WL 722892, *5 (11th Cir. Feb. 24, 2016) ("to the extent Casamayor contends the district court erred in classifying him as a 'career offender' because § 4B1.2(a)(2)'s residual clause is unconstitutionally vague, his argument is foreclosed by *Matchett*").

[2]      Review of the Eleventh Circuit's docket sheet in the *Matchett* matter, which bears Court of Appeals Docket No. 14-10396, confirms that the petition for rehearing *en banc* remains pending, with supplemental authority being filed as recently as May 19, 2016.

Under the circumstances, the Court agrees with the Government that *Matchett* forecloses McGadney's newly asserted, proposed *Johnson* claim.  That said, the undersigned agrees with petitioner that no harm, prejudice or undue delay will result if the Motion to Amend is held in abeyance pending the Eleventh Circuit's ruling on the petition for rehearing *en banc* in *Matchett* and, if such petition is granted, issuance of an opinion upon rehearing.  On that basis, McGadney's Motion for Leave to File Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 59) is **held in abeyance**.  McGadney is **ordered** to notify the Court in writing upon the occurrence of any rulings relating to the *Matchett* petition for rehearing *en banc*.  Upon disposition of same, the Court will promptly rule on defendant's Motion for Leave to Amend.

Nothing herein precludes or trammels Magistrate Judge Bivins' ability to move forward in her discretion with a report and recommendation as to the grounds for relief presented in McGadney's original § 2255 Petition, which remain in play notwithstanding the Motion for Leave to Amend.

DONE and ORDERED this 16th day of June, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE