IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 12-0245-WS |
| | ) |
| ERIC DYNELL McGADNEY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Eric Dynell McGadney's "Motion to Voluntarily Dismiss *Beckles* Claim in Amended Complaint and to Reinstate McGadney's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, as Originally Filed" (doc. 70).

On May 12, 2016, McGadney, by and through the Federal Defender (which was appointed to represent all indigent defendants in *Johnson* claims in this District Court), moved for leave of court to amend his pending § 2255 petition to add a new ground for relief asserting that his career offender sentence enhancement violates due process pursuant to *Johnson v. United States*, 576 U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and *Welch v. United States*, --- U.S. ----, 136 S.Ct. 1257 (2016). McGadney received a career offender enhancement pursuant to U.S.S.G. § 4B1.1, and it is that enhancement to which he would direct his *Johnson* void-for-vagueness challenge. Because that precise issue was then under binding appellate review, the Court entered Orders on June 16, 2016 and September 29, 2016 (*see* docs. 63 & 66) staying these proceedings and holding in abeyance McGadney's Motion for Leave to File Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 59) pending the Supreme Court's disposition of *Beckles v. United States*.

Yesterday, the Supreme Court handed down its decision in *Beckles*. That ruling conclusively forecloses McGadney's due process vagueness challenge directed at the career offender enhancement he received pursuant to U.S.S.G. § 4B1.1. *See Beckles v. United States*, --- S.Ct. ----, 2017 WL 855781, *11 (U.S. March 6, 2017) ("Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness."). Recognizing that this development necessarily defeats his proposed

-2-

vagueness claim, McGandey now requests voluntary dismissal of the *Beckles* claim presented in his proposed amended § 2255 petition and seeks reinstatement of his original § 2255 motion.

For cause shown, McGadney's Motion to Voluntarily Dismiss *Beckles* Claim in Amended Complaint and to Reinstate § 2255 Motion (doc. 70) is **granted**. McGadney's Motion for Leave to File Amended Motion to Vacate Sentence (doc. 59) is **moot**, and his proposed *Beckles* claim is **withdrawn**. As such, McGadney's original § 2255 Motion (doc. 45) remains the operative pleading in these proceedings. That motion (and the accompanying briefing regarding same) are once again referred to Magistrate Judge Bivins.

DONE and ORDERED this 7th day of March, 2017.

                                          s/ WILLIAM H. STEELE
                                          UNITED STATES DISTRICT JUDGE