**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ERIC DYNELL McGADNEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 12-0245-WS** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

This matter comes before the Court on petitioner Eric Dynell McGadney's filing, by and through counsel, styled "Motion for Compassionate Release (Writ of Rachmones)" (doc. 116). The Government has filed a Response (doc. 118) in opposition to the Motion.

The court file reflects that McGadney entered a plea of guilty to one count of possession of MDMA with intent to distribute and one count of using a communication facility to facilitate a drug trafficking crime, in violation of 21 U.S.C. §§ 841(a)(1) and 843(b), respectively.  On May 14, 2014, this Court sentenced McGadney to a low-end guideline sentence of 188 months on the § 841 count, with a 48-month term of imprisonment on the § 843(b) count to be served concurrently.  In so doing, the Court treated McGadney as a career offender and took note of his three prior felony convictions, including a 2002 state-court conviction of possession with intent to deliver at least 400 grams of cocaine; a 2006 state-court conviction for escape, second degree; and a 2008 state-court conviction for trafficking marijuana.  According to Bureau of Prisons records, McGadney is currently housed at FCI Terre Haute, with a projected release date of March 31, 2026, meaning that he has more than five years remaining to serve on his current sentence.

McGadney is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic.  In his Motion, McGadney invokes 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act enacted in December 2018.  That section allows a defendant to petition

the Court directly for reduction of a term of imprisonment for "extraordinary and compelling reasons," without a motion by the Director of the Bureau of Prisons ("BOP"), after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." § 3582(c)(1)(A).  McGadney properly made a written request for compassionate release to the Warden of his facility more than 30 days prior to filing his Motion.  As such, McGadney satisfies the procedural requirement that he must request compassionate release from the prison warden more than 30 days before filing his Motion.  Accordingly, he is authorized by the amended version of the statute to request judicial modification of his term of imprisonment on the ground that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The Government concedes that McGadney has exhausted his administrative remedies and has otherwise complied with the procedural requirements of § 3582(c)(1)(A)(i). (Doc. 118, PageID.844.)

That said, the statute is clear that any such reduction of a sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the Federal Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons."  *Id.*  The Government agrees that, during the ongoing COVID-19 pandemic, McGadney falls within the enumerated categories of extraordinary and compelling reasons. Although McGadney is only 43 years old, he is a heavy smoker, with medical records reflecting that he had smoked one pack of cigarettes per day for a period of 15 years as of July 31, 2014. (doc. 116-4, PageID.830.)  Because applicable CDC guidance reflects that heavy smokers face increased risk of severe illness from COVID-19, the Government acknowledges that "[d]uring the pandemic, … McGadney is eligible for compassionate release consideration."  (Doc. 118, PageID.845.)

Notwithstanding McGadney's eligibility for compassionate release, the decision of whether or not to grant him relief is discretionary.  *See, e.g., United States v. Jones*, 962 F.3d

1290, 1296 (11th Cir. 2020) ("We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act."). Indeed, the statute expressly provides that, even where a defendant has satisfied the procedural requirements for a compassionate release motion and has shown extraordinary and compelling reasons warranting relief, the district court "***may reduce the term of imprisonment*** … after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). Simply put, "[i]f there are 'extraordinary and compelling reasons' for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors." *United States v. Monaco*, 2020 WL 6194688, *3 (11th Cir. Oct. 22, 2020).

The Court has carefully weighed the § 3553(a) factors as they relate to McGadney and his Motion for Compassionate Release. Section 3553(a) requires this Court to consider (among other factors) "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1)-(2)(A). McGadney was properly classified as a career offender at the time of his sentencing. He has a string of drug-related convictions dating all the way back to 1996. The offense for which he is currently imprisoned involved use of the U.S. Mail to attempt to receive and distribute a large number of ecstasy tablets. Moreover, although McGadney's medical records reflect that he tested positive for COVID-19 on or about November 26, 2020, they also show that he has been asymptomatic and that prison officials have taken appropriate follow-up steps to monitor McGadney's condition while isolating him from others. (Doc. 116-2, PageID.820, 822-26.) All indications are that the BOP is providing adequate medical care to McGadney at FCI Terre Haute, and that the BOP is taking appropriate steps to minimize the risk of COVID-19 exposure and infection for McGadney and other inmates. Based on these considerations, considered in tandem with the other § 3553(a) factors, the Court declines to exercise its statutory discretion to reduce McGadney's term of imprisonment on grounds of compassionate release.

In short, while McGadney has satisfied the procedural and substantive eligibility thresholds for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act, the Court, in the exercise of its discretion based on careful weighing of the § 3553(a) factors, is

of the opinion that the sentence originally imposed in this case remains fair, appropriate and necessary.  Guided by its weighing of the § 3553(a) factors, the Court concludes that no reduction in sentence is warranted under the circumstances presented.  Accordingly, McGadney's Motion for Compassionate Release (doc. 116) is **denied**.

DONE and ORDERED this 25th day of January, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE